**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re:                                    )    BAP No.  NC-11-1174-HSaD
                                          )
SAMAN HASNAIN,                            )    Bk. No.  10-58064
                                          )
            Debtor.                       )    Adv. No. 10-05380
_____          )
                                          )
SAMAN HASNAIN,                            )
                                          )
            Appellant,                    )
                                          )
v.                                        )    **M E M O R A N D U M**[1]
                                          )
MICHAEL CHADD, AUDREY HARRIS,             )
Chapter 7 Trustee,                        )
                                          )
            Appellees.                    )
_____          )

Submitted on January 19, 2012
at San Francisco, California

Filed - February 6, 2012

Appeal from the United States Bankruptcy Court
for the Northern District of California

Hon. Stephen L. Johnson, Bankruptcy Judge, Presiding.

Appearances:   Both parties argued pro se.  The Trustee did
not appear.

---

[1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Before: HOLLOWELL, SALTZMAN[2] and DUNN, Bankruptcy Judges.

Creditor Michael Chadd (Chadd) sought relief under § 362(d)[3] seeking to have a previously rendered final arbitration award against the debtor confirmed and entered as a judgment in state court. Although the chapter 7 debtor had already received a discharge, Chadd had a timely nondischargeability complaint pending when he filed for § 362(d) relief. Nevertheless, the debtor argued that the discharge injunction of § 524 barred Chadd from seeking confirmation of the arbitration award. The bankruptcy court disagreed and granted relief from the stay or the discharge injunction, to the extent either applied, to have the award confirmed. For the reasons set forth below, we DISMISS this appeal as moot.

## I. FACTUAL BACKGROUND

Sometime in 2008, Chadd bought securities from Jawad Hasnain (Hasnain), which were sold as membership interests in Hasnain's company. However, the securities were not authorized by the California Department of Corporations. Chadd filed a complaint against Hasnain, his company, and his wife, Saman Hasnain (the Debtor), in California state court, alleging they violated California and Federal securities laws by selling the securities.

---

[2] The Hon. Deborah J. Saltzman, Bankruptcy Judge for the Central District of California, sitting by designation.

[3] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

-2-

Chadd sought damages for fraud and breach of fiduciary duty.

The matter was heard by an arbitrator. The arbitration took place over two days in early 2010. On July 6, 2010, after considering the evidence offered by the parties, the arbitrator found that Hasnain and the Debtor had violated California securities laws, sold the securities by means of misrepresentation, and breached their fiduciary duties by using investor funds for their personal use. The arbitrator determined that Chadd was entitled to a damage award of $683,000 (Arbitration Award).

On August 4, 2010, before the Arbitration Award was confirmed[4] against the Debtor, she filed a voluntary chapter 7 bankruptcy petition. On November 5, 2010, Chadd filed an adversary proceeding contending that the Arbitration Award was a nondischargeable debt pursuant to § 523(a)(2), (a)(4), (a)(6) and (a)(19) (Nondischargeability Proceeding).

On January 27, 2011, while the Nondischargeability Proceeding was still pending, the Debtor received a bankruptcy discharge. The discharge order specified that not all types of debts were discharged. It provided specific examples of debts not subject to the discharge, including: "Debts that the bankruptcy court specifically has decided or will decide in [a debtor's] bankruptcy case are not discharged."

---

[4] Under California law, a party to an arbitration, in which an award has been made, may petition the court to confirm, correct, or vacate the award. Cal. Civ. Proc. Code §§ 1285-1287.6. If an arbitration award is confirmed, a conforming judgment is entered. The judgment then has the same force and effect as any other civil judgment. Id. at § 1287.4.

-3-

On March 8, 2011, Chadd filed a motion for relief from stay (MRS) under § 362(d)(1). He sought stay relief in order to proceed in state court to confirm the Arbitration Award and have it entered as a judgment. Chadd contended that doing so would promote judicial economy because it would allow him to use the state court judgment preclusively in the Nondischargeability Proceeding. The Debtor filed a response to the MRS asserting that the discharge injunction of § 524 barred Chadd from having the Arbitration Award confirmed. The Debtor alleged that Chadd was attempting to improperly perfect an award for a discharged prepetition debt.

On March 29, 2011, the bankruptcy court held a hearing on the MRS. The bankruptcy court and the Debtor agreed that the automatic stay was not in effect since the Debtor's discharge had been entered. However, the bankruptcy court disagreed with the Debtor's argument that the discharge injunction prevented Chadd from returning to the state court to confirm the Arbitration Award. The bankruptcy court subsequently entered an order on April 5, 2011, granting Chadd relief from stay under § 362, to the extent the stay applied, and § 524(a)(2)[5] to proceed in state court to obtain confirmation of the Arbitration Award (Stay Relief Order). The Stay Relief Order emphasized that Chadd could not undertake collection actions as a result of the issuance of

---

[5] Section 524(a)(2) provides that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."

-4-

any state court judgment he obtained. The Debtor timely appealed.

The Debtor immediately sought a stay pending appeal from the bankruptcy court; however, the bankruptcy court denied the Debtor's motion. Thereafter, the Debtor sought a stay pending appeal from the Bankruptcy Appellate Panel (BAP). The BAP denied the Debtor's motion for stay pending appeal on May 3, 2011.

The state court scheduled a hearing on the confirmation of the Arbitration Award for May 10, 2011. On May 9, 2011, the state court issued a tentative ruling to confirm the Arbitration Award. That afternoon, the Debtor filed a chapter 11 bankruptcy petition (the Second Bankruptcy Case) and sent a letter to Chadd stating that the automatic stay prevented Chadd from following through with the hearing to have the confirmation entered as a judgment.

Chadd then filed a motion for stay relief in the Second Bankruptcy Case.[6] It was granted on July 7, 2011. That order was not appealed. On August 25, 2011, the state court confirmed the Arbitration Award and entered a judgment against the Debtor, Hasnain, and his company, jointly and severally, in the amount of $751,250.11. Chadd then filed a motion for summary judgment in the Nondischargeability Proceeding asserting that the state court judgment was preclusive as to the § 523(a) issues. On October 27, 2011, the bankruptcy court granted Chadd's motion for summary

---

[6] The Hon. Arthur S. Weissbrodt presided over the Second Bankruptcy Case. The Debtor's Second Bankruptcy Case was dismissed on September 13, 2011, and closed December 13, 2011.

judgment and declared Chadd's claim nondischargeable. The Debtor has separately appealed that ruling (BAP No. NC-11-1631).

On December 12, 2011, Chadd filed with the BAP a Notice of Mootness contending that because the judgment had been entered, the appeal was now moot.[7] The Debtor filed a response on December 29, 2011.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(A) and (G). We address our jurisdiction under 28 U.S.C. § 158 below.

## III. ISSUES

Is the appeal moot?

If the appeal is not moot, did the bankruptcy court err in entering the Stay Relief Order allowing Chadd to confirm the Arbitration Award in state court?

## IV. STANDARDS OF REVIEW

Mootness is a jurisdictional issue that we review de novo. Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.), 163 F.3d 570, 577 (9th Cir. 1998). We lack jurisdiction to hear moot appeals. I.R.S. v. Pattullo (In re Pattullo), 271 F.3d 898, 901 (9th Cir. 2001). If an appeal becomes moot while it is pending before us, we must dismiss it. Id.

## V. DISCUSSION

Constitutional mootness is derived from Article III of the U.S. Constitution, which provides that the exercise of judicial

---

[7] Chadd had previously sought to have the appeal dismissed as interlocutory. However, the BAP denied that motion on May 12, 2011.

power depends on the existence of a case or controversy. DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC), 391 B.R. 25, 33 (9th Cir. BAP 2008). The mootness doctrine applies when events occur during the pendency of the appeal that make it impossible for the appellate court to grant effective relief. Id. The determining issue is "whether there exists a 'present controversy as to which effective relief can be granted.'" People of Village of Gambell v. Babbitt, 999 F.2d 403, 406 (9th Cir. 1993) (quoting NW Envtl. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988)). If no effective relief is possible, we must dismiss for lack of jurisdiction. United States v. Arkison (In re Cascade Rds., Inc.), 34 F.3d 756, 759 (9th Cir. 1994).

Our review of the record leads us to conclude that this appeal is moot. If the bankruptcy court had erred and the state court judgment was consequently entered in violation of the automatic stay or the discharge injunction, it would be void. Lone Star Sec. & Video, Inc. v. Gurrola (In re Gurrola), 328 B.R. 158, 171 (9th Cir. BAP 2005). As a result, Chadd could not have relied on its preclusive effect in the Nondischargeability Proceeding, and consequently, the appeal would not be moot.

However, here, the bankruptcy court in the Second Bankruptcy Case authorized stay relief to allow Chadd to confirm the Arbitration Award. That decision has not been appealed and is final. Therefore, a reversal of this appeal would not change the outcome. Without a stay pending appeal, subsequent events allowed Chadd to confirm the Arbitration Award and obtain a state court judgment against the Debtor that is not subject to being

7

declared void. As a result, a reversal of the Stay Relief Order could not provide relief to the Debtor, and therefore, the appeal is moot.

## VI. CONCLUSION

Because Chadd was granted stay relief in the Second Bankruptcy Case, a reversal here would not provide effect relief to the Debtor. Therefore, the appeal is moot and we do not reach its merits. Accordingly, the appeal is DISMISSED.